UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Approximately $24,546.25 in U.S. Currency Seized from Farmers and Merchants Bank of Central California Account #547155701, Held in the Name of Steven Walter Butts and Karen Jean Freyling, et al.,<br><br>　　　　　Defendants. | 1:09-cv-00284-OWW-SMS<br><br>ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEEMING MATTER SUBMITTED FOR DECISION (DOC. 23)<br><br>**Vacated hearing date:**<br>**October 30, 2009**<br>**Time: 9:30 a.m.**<br><br>FINDINGS AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 23)<br><br>ORDER TO PLAINTIFF TO SERVE FINDINGS AND RECOMMENDATIONS RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON ALL POTENTIAL CLAIMANTS AND TO FILE PROOF OF SERVICE |

　　　Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is Plaintiff's ex parte motion for default judgment filed on August 7, 2009, with a supporting memorandum of points and authorities and a supporting declaration of Elisa Rodriguez, which the Court has reviewed.

1

I. <u>Vacating the Hearing on the Motion</u>

Pursuant to Rule 78-230(h) of the Local Rules of Practice for the United States District Court, Eastern District of California, the Court finds that the Plaintiff's ex parte motion for default judgment is a matter that may appropriately be submitted upon the record and briefs, including the Plaintiffs' motion, supporting memorandum of points and authorities, and declaration of Elisa Rodriguez filed on August 7, 2009.

Accordingly, the hearing on the motion, presently set for October 30, 2009, IS VACATED, and the motion IS DEEMED SUBMITTED to the Court for decision.

II. <u>Directions to Plaintiff to Serve Findings and Recommendations</u>

The analysis, findings, and recommendations that follow constitute the Court's findings and recommendations with respect to Plaintiff's motion for default judgment (Doc. 23).

Plaintiff IS DIRECTED to serve the findings and recommendations on all potential claimants to Defendant property, including Steven Butts and Karen Jean Freyling, and to file proof of such service no later than ten days after the date of service of this order.

III. <u>Motion for Default Judgment</u>

    A. <u>Notice by Publication</u>

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R.

G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply. Supplemental Rule G, which took effect on December 1, 2006, incorporates a common-sense approach to notice grounded in defined and recognized principles of due process of law. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as those excluded from it; thus, the intended scope of application is very broad. The rule permits flexibility as to the time of service of any warrant and supplemental process. <u>Id.</u> The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G (4)(b). <u>Id.</u>

    Supplemental Rule G(4)(a) provides that a judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. The rule sets forth the required contents of the notice, frequency of publication, and means of publication.

    Here, the amended declaration of publication of Elisa M.

Rodriguez filed on May 6, 2009 (Doc. 15), establishes that a notice with the required contents was published on the official government internet site for thirty consecutive calendar days. Thus, the Plaintiff has demonstrated publication that is sufficient pursuant to Supplemental Rule G(4)(a).

### B. Notice to Known Potential Claimants

Supplemental Rule G(4)(b) provides that the government must send notice of the action and the complaint to any person who reasonably appears to be a potential claimant; the rule specifies the content, means, and time of the notice, and it expressly provides that a potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.

Here, it is alleged in the verified complaint that the government proceeds pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), and that the specified properties, including Defendant currency (amounting to over $25,000 in four accounts identified in ¶ 1 of the Complaint), Defendant electronic equipment (thirty-five (35) items of miscellaneous electronic equipment itemized in Exhibit A to the complaint), and Defendant vehicles (four vehicles described by VIN and license numbers in ¶ 1 of the complaint), which were seized in October 2008, in Turlock, California, constitute proceeds from and/or property used to facilitate a conspiracy to commit, or are traceable to, a violation of 18 U.S.C. § 1956; therefore, the Defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C). (Cmplt. ¶¶ 1-3.)

Investigation by the FBI and United States Postal Service

4

(USPS) in 2008 revealed that Steve Butts, Karen Lobue or Karen Jean Freyling, and Kenny J. or Kenneth Shipman were using specified websites and a specified post office box in Denair, California, to distribute and sell to customers pirated, counterfeit/copyright-protected digital video discs (DVD's) in violation of copyright laws; they and their activities were further associated with the five specific vehicles. The business generated about $80,000.00 in sales per month, involved the provision to customers of products that lacked security seals or booklet stories, and included the knowing deposit of counterfeit motion pictures and video formats/materials in official USPS collection receptacles/facilities with the intention that the USPS would deliver them, the willful infringement of copyrighted works, and the knowing trafficking of counterfeit labels affixed or designed to be affixed to a copy of a visual work. (Id. at ¶¶ 6-9.) Controlled buys revealed that the products sold lacked appropriate serial numbers and that the content was "pressed" on to the disc as by a computer with DVD recordable media, as opposed to having been "burned." (Id. ¶ 10.)

Further, investigation of the bank records of Butts and Freyling revealed hundreds of deposits from the illicit business operations in the various accounts between 2006 and 2008 totaling over $300,000; California EDD records revealed that the last reported wages for Butts were for the second quarter of 2007, and Freyling was receiving Social Security benefits on the basis of claimed disability. (Id. ¶¶ 9-16, 23.) Butts, Freyling, and others were indicted in October 2008 for various wire and mail fraud violations, criminal copyright and trademark violations,

5

and theft of government money. (Cmplt. ¶ 24.)

With respect to potential claimant Steve Butts, the declaration of Rodriguez (¶ 3, Ex. A) establishes that on February 17, 2009, copies of the pertinent documents were served on attorney Eric Fogderude by mail, and were received on behalf of Fogderude on February 18, 2009. This notice was sufficient pursuant to Supp. R. G(4)(b)(iii)(B), which permits notice to be sent to the attorney representing the potential claimant with respect to the related criminal case. The Court takes judicial notice of the docket in <u>United States v. Karen Jean Freyling</u>, <u>et al.</u>, 1:08-cr-00384-OWW, which reflects that Eric K. Fogderude is attorney for Defendant Steven Walter Butts in the related criminal case. Further, the Court notes that Butts 1) was served by certified mail sent on April 15, 2009, and the letter was received on April 16, 2009, by David J. Lober (Decl. Of Rodriguez in suppt. of request for entry of default, Doc. 20-2, ¶ 6, Ex. B); and 2) was served by the Marshal on March 18, 2009, via the Marshal's leaving the pertinent documents with Karen Jean Freyling, girlfriend of Butts, and a person of suitable age and discretion then residing in Butts' usual place of abode. Accordingly, the Court concludes that the notice given to potential claimant Steve Butts complied with Supp. Rule G(4)(b).

Local Rule A-540(a)(3) requires that if the property, as in this case, is in the hands of a law enforcement officer, then notice of the action must be given by personal service to the person having custody prior to its possession by the law enforcement agency or officer. If this is interpreted to include potential claimant Steve Butts, then the action of the Marshal in

serving Butts via leaving documents with co-resident Karen Jean Freyling, reflected in the marshal's certificate dated March 18, 2009, should be sufficient. This service constitutes legally sufficient service of process within the meaning of Fed. R. Civ. P. 4(e)(2)(B). Fed. R. Civ. P. 4(n) expressly provides that the Court may assert jurisdiction over property if authorized by a federal statute, and that notice to claimants of the property must be given as provided in the statute or by serving a summons under Rule 4. The notice given to Butts complies with Fed. R Civ. P. 4(n) and thus should be legally sufficient.

With respect to potential claimant Karen Jean Freyling, the certificate of the Marshal establishes that Freyling was personally served with the pertinent documents on March 18, 2009. (Doc. 8.)

The Court concludes that Plaintiff has demonstrated that it has given notice by publication and the notice required to be given to potential claimants by Rule G(4).

### C. Notice of Judgment Sought and of Motion for Default Judgment

#### 1. Judgment Sought

The Court concludes that the notice given of the judgment sought satisfied Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the Defendant properties to the Plaintiff United States. (Cmplt. p. 8, ll. 9-

7

14.)

### 2. Motion for Default Judgment

The application for default judgment before the Court was filed on an ex parte basis and thus was not served on the Defendant property or on any persons who might reasonably appear to be potential claimants.

Fed. R. Civ. P. 55(b)(2) requires written notice of an application for default judgment be served at least three days prior to the hearing on a defaulting party, or a representative thereof, who has appeared in the action. An appearance for the purpose of Rule 55 need not be a formal one and may consist even of informal contacts made by the defaulting party where the defaulting party demonstrates a clear purpose to defend the suit. In re Roxford Foods v. Ford, 12 F.3d 875, 879-81 (9th Cir. 1993). Here, there are no indicia of a formal appearance or of informal contacts. Accordingly, no notice is necessary.

### D. Default and Entry of Default

The declarations and the Court's docket demonstrate that no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim of 18 U.S.C. § 983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-day period set forth in Supp. R. G(5) for filing an answer thereafter. Therefore, the Clerk appropriately entered the default of potential claimant Karen Jean Freyling on May 19, 2009, and of potential claimant Steven W. Butts on May 22, 2009.

### E. Legal Sufficiency of the Complaint

#### 1) Legal Standards

A default judgment generally bars the defaulting party from

8

disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

Under the Civil Asset Forfeiture Reform Act (CAFRA), which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government shall establish that there was a substantial connection between the property and the offense. § 983(c)(3).

Supp. Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the Defendant property, and venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

### 2. The Complaint

The complaint filed in this action was verified.

9

1    The bases for jurisdiction are identified as 28 U.S.C. §§
2 1345 and 1355 (jurisdiction of civil proceedings commenced by the
3 United States or an agency or officer thereof, and of actions to
4 recover or enforce penalties or forfeitures under acts of
5 Congress, respectively) and 18 U.S.C. § 981(a)(1)(A) and
6 (a)(1)(C) (subjecting to forfeiture all property involved in a
7 transaction or attempted transaction in violation of 18 U.S.C. §
8 1956, and any property which constitutes or is derived from
9 proceeds traceable to a violation of various statutes or
10 specified unlawful activity as defined in § 1956(c)(7), or a
11 conspiracy to commit such an offense). (Cmplt. ¶¶ 1-4.)
12   The basis of venue is identified as 28 U.S.C. § 1395
13 (placing venue for a civil forfeiture proceeding where the
14 property is found). (Cmplt. ¶ 5.)
15   The property is described with reasonable particularity.
16   The review of the allegations of the complaint set forth
17 hereinabove in connection with notice to potential claimants
18 reflects that the Defendant properties were subject to
19 forfeiture. In the complaint there are alleged sufficiently
20 detailed facts to support a reasonable belief and inference that
21 the government would be able to meet its burden of proof at trial
22 that the properties were either involved in a transaction or
23 attempted transaction in violation of 18 U.S.C. § 1956, used to
24 facilitate a conspiracy to commit such a violation, were proceeds
25 of such a conspiracy and/or violations, or were derived from
26 proceeds traceable to such a conspiracy and/or violations. The
27 use of the vehicles and the electronic equipment in the unlawful
28 enterprise, and the identification and tracing of the unlawful

10

enterprise as the source of the funds of the deposits made into the bank accounts, demonstrate a substantial connection between the property and the offenses.

### F. Propriety of Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying

11

the Federal Rules of Civil Procedure that favors decisions on the merits, id.

Here, no one has claimed an interest in the Defendant properties or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture.

### G. Form of the Judgment

A successful plaintiff in a forfeiture action is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

### IV. Recommendation

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED;

2. Plaintiff is entitled to, and the Clerk be directed to enter, a judgment that:

    (a) The interest/s of Karen Jean Freyling and Steven W.

Butts in the Defendant properties are CONDEMNED and FORFEITED to the United States of America; and

    (b) The right, title, and interest of all potential claimants in the Defendant property, including but not limited to Karen Jean Freyling and Steven W. Butts, are FORFEITED to the United States of America pursuant to , and are VESTED in the United States; and,

    (c) All persons claiming any right, title, or interest in or to the Defendant property have DEFAULTED and no longer have any right, title, or interest in the Defendant property whatsoever; and,

   3. The Clerk of Court ENTER final judgment of forfeiture for Plaintiff United States of America.

   These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to
/////

1 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
2 1153 (9th Cir. 1991).

4 IT IS SO ORDERED.

**Dated:     October 22, 2009**                              /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE